SENTELLE, Circuit Judge,
concurring.
I concur in the majority’s disposition and in most of the opinion which supports it. I write separately only because I cannot join in that portion of the opinion based on evidence not before the district court. I do not think it was necessary or appropriate to accept the evidence on appeal. The district court record included a copy of the date-stamped Domestic Return Receipt, unrebutted by any evidence or affidavit. The district court properly granted summary judgment on the record evidence.
It is not the role of appellate courts to accept new evidence. In stepping into that role, the majority relies on In re AOV Industries, Inc., 797 F.2d 1004 (D.C.Cir.1986). That case involved extraordinary circumstances. Specifically, while the case was on appeal, the appellant produced newly-discovered evidence of a conflict of interest. As the case involved a fee determination in a bankruptcy, the court, mindful that a fee determination affects all creditors and is equitable in nature, remanded the case for additional consideration. Id. at 1012-13. Even in those unusual circumstances, one judge disagreed with the panel majority. Id. at 1014-15 (Starr, J., dissenting in part). And on the facts in this case, I would follow Judge Starr’s recommendation: “This court should not carve out an exception to the general rule that an appellate court cannot receive new evidence from the parties.” Id. at 1015. I would further note that Singleton v. Wulff, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976), relied upon by the majority in AOV Industries, is not to the contrary, and indeed is not on point. The quotation used by the AOV Industries majority dealt with the ability of an appellate court to resolve an issue not passed upon below, not with the question of the court taking new evidence on appeal.